**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SAMUEL GORDON, Jr., | No. 10-35180 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01350-JCC |
| v. | |
| BMG COLUMBIA HOUSE INC, a New York corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted November 21, 2011[**]

Before:     TASHIMA, BERZON, and TALLMAN, Circuit Judges.

James Samuel Gordon, Jr., appeals pro se from the district court's summary

judgment in his action alleging that defendant's transmission of unsolicited

commercial email or spam violated federal and state statutes.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, and may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment as to Gordon's claim under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (the "CAN-SPAM Act") because he lacks standing to sue under the Act. *See id.* at 1051-57 (explaining in analogous context that Gordon lacks standing to file a private lawsuit under the CAN-SPAM Act because he is not an adversely affected, bona fide Internet access provider).

Summary judgment on the basis of preemption was proper as to Gordon's claim under the Washington Commercial Email Marketing Act (the "CEMA") because Gordon failed to raise a genuine dispute of material fact as to whether this claim involved fraud or deception necessary to exempt it from the CAN-SPAM Act's preemption clause. *See id.* at 1062-64 (CEMA claim alleging non-deceptive, immaterial inaccuracies or incomplete, omitted information in spam emails is preempted by the CAN-SPAM Act, which only exempts from preemption those state laws that narrowly regulate fraudulent or deceptive commercial emails).

Summary judgment was proper as to Gordon's claim under the Washington Consumer Protection Act (the "CPA") because Gordon failed to raise a genuine

dispute as to whether he could establish the elements of such a claim. *See*

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531,

535-37 (Wash. 1986) (listing CPA claim elements); *see also Virtumundo*, 575 F.3d

at 1065-66 (Gordon failed to establish elements of nearly identical CPA claim).

Gordon's remaining contentions are unpersuasive.

We do not consider arguments and evidence Gordon attempts to raise for the

first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We deny defendant's request to declare Gordon's appeal frivolous without

prejudice to a separately filed motion on the issue. *See* Fed. R. App. P. 38 and 39;

*see also* 9th Cir. R. 39-1.6.

**AFFIRMED**.